CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 3 0 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DEMOSTHENESE ANTWYAN WESLEY, | CASE NO. 7:18CV00614 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| WINCHESTER CITY POLICE OFFICER CONNER MALLOY, | By: Hon. Glen E. Conrad<br>Senior United States District Judge |
| Defendant. | |

Demosthenese Antwyan Wesley, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendant police officer failed to protect Wesley when jail officials used excessive force against him. The defendant, Connor Malloy, has filed a motion to dismiss. Wesley responded by filing a second amended complaint, to which the defendant objects. After review of the record, the court concludes that the motion to amend is appropriately granted, and the motion to dismiss must be denied.

I.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after it is served or within 21 days after a motion to dismiss is filed. Wesley filed his first amended complaint, in response to a court order, before the case was served on the defendant. He filed the second amended complaint within 21 days after the defendant's motion to dismiss. Accordingly, the court finds the amendment proper under Rule 15(a).[1] Furthermore, for reasons stated herein, the court cannot find that the proposed amendment is futile.

---

[1] Moreover, where an amendment does not comport with Rule 15(a)(1), it may be granted if the opposing party consents or the court grants leave. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

II.

In the second amended complaint, Wesley alleges that on February 8, 2018, Malloy arrested Wesley pursuant to a capias. During a routine body search, Malloy and other officers found no illegal contraband on Wesley's person. Malloy then transported Wesley to the Northwestern Virginia Regional Jail ("jail"). In the sally port, jail officials conducted a second body search of Wesley's person. Malloy "interrupted the search by stepping fo[r]ward unravelling his fist which contained an amount of marijuan[a] stating 'This will be a felony.'" Sec. Am. Compl. 3, ECF No. 21. Wesley responded, "That's not mine, you just planted that." Id.

> [J]ail officials then began assaulting [Wesley] while screaming stop resisting (which [Wesley] claims he was not) with Officer Connor Malloy still present. Plaintiff Wesley was then dragged to restraining [sic] chair where he was placed for an unknown amount of time. Eventually a [jail official] had him released and stated directly to plaintiff Wesley he couldn't and wouldn't be charged with a felony drug charge.

Id. Wesley sues Malloy under § 1983 for monetary damages, contending that (1) Malloy "intentionally and cruel[l]y planted drugs on [Wesley] . . . provokingly stating felony charges would be filed," and (2) Malloy failed to protect Wesley when jail officials assaulted him. Id. at 1-2.

III.

To survive a motion to dismiss [under Rule 12(b)(6) of the Federal Rules of Civil Procedure], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[2] The court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). Section 1983

---

[2] The court has omitted internal quotation marks, alterations or citations here and throughout this memorandum opinion, unless otherwise noted.

permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). When a plaintiff raises a civil rights issue and files a complaint pro se, the court must liberally construe his pleadings. See Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (reversing dismissal of civil rights complaint upon finding that pro se plaintiff's allegations, "however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence.").

The court will grant the motion as to Wesley's § 1983 claim that Malloy threatened to have him charged with a felony drug crime. As Wesley's submissions indicate that no such charge was filed, Malloy's alleged comment was nothing more than an empty threat. Allegations that an officer verbally harassed or threatened the plaintiff, without more, do not state any constitutional claim. See Henslee v. Lewis, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.) ("Words by themselves do not state a constitutional claim, without regard to their nature."). Moreover, the amended complaint does not support a reasonable inference that Malloy's words alone triggered the jail officials' alleged use of excessive force against Wesley. Accordingly, the court cannot find that Wesley's allegations give rise to any actionable § 1983 claim related to his drug felony threat, and therefore, will grant the defendant's motion as to this claim.

However, the court must deny the motion to dismiss as to Wesley's failure to protect claim. "[T]he Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment, and is not an incident of some other legitimate governmental purpose." Duff v. Potter, 665 F. App'x 242, 244 (4th Cir. 2016). To prevail in an excessive force claim, a pretrial detainee must show "that the force purposely or knowingly used

3

against him was objectively unreasonable." Id. The court must make this determination by considering the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id.

"The concept of bystander liability is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Randall v. Prince George's County, MD., 302 F.3d 188, 203 (4th Cir. 2002). Thus, if an officer witnesses another officer's "illegal act" and "possesses the power to prevent it, [but] chooses not to act, he may be deemed an accomplice and treated accordingly. Id. (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir.1988) (observing that officer who stands by and does not seek to assist victim could be "tacit collaborator")).

Taking Wesley's allegations as true, the court concludes that they support reasonable inferences that he was not resisting or posing a threat; that the jail officials' intentional use of force against him was objectively unreasonable under the circumstances; that Malloy was confronted with the jail officials' wrongful conduct; that he had a reasonable opportunity to intervene to prevent further unreasonable force; and that he chose not to act to protect Wesley. Because the second amended complaint thus states a prima facie claim of bystander liability against Wesley, the court will deny the motion to dismiss. An appropriate order will issue this day. The clerk will send a copy of this memorandum opinion and the accompanying order to Wesley and to counsel of record for the defendants.

ENTER: This 29th day of April, 2019.

_____
Senior United States District Judge